Mr. Gregory L. Coler, Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Secretary Coler:
You have asked substantially the following question:
May agents of the Department of Health and Rehabilitative Services conduct warrantless searches pursuant to ss. 499.005, 499.051 and 499.069, F.S.?
In sum:
It has been judicially determined that Department of Health and Rehabilitative Services agents are authorized to conduct warrantless searches pursuant to ss. 499.005, 499.051 and 499.069, F.S., as directed by Rule 10D-45.0545, F.A.C.
Section 499.051, F.S., in pertinent part, provides:
(1) The agents of the department and of the Department of Law Enforcement shall have the authority to inspect, monitor, and investigate all drug and cosmetic wholesalers; drug repackagers; investigational drug programs; and drug, device, or cosmetic manufacturers during business hours for the purpose of enforcing the provisions of ss. 499.001-499.79, chapters 893 and 465, and the rules of the department which relate to the protection of the health, safety, and welfare of the public. (2) In addition to the authority set forth in subsection (1), the department and any duly designated officer or employee thereof shall have the right to enter upon and inspect any other facility for the purpose of determining compliance with the provisions of this chapter and rules promulgated thereunder regarding a drug, device, or cosmetic product. The authority to enter and inspect herein contained shall not extend to the practice of the profession of pharmacy, as defined in chapter 465 and the rules promulgated thereunder, in a pharmacy permitted under chapter 465.
Thus, agents of the Department of Health and Rehabilitative Services (department) are statutorily authorized to enter and inspect drug and cosmetic wholesalers, drug repackagers, investigational drug programs, and drug, device or cosmetic manufacturers, as well as other facilities for the purpose of determining compliance with the provisions in Part II, Ch. 499, F.S. Section 499.005, F.S., sets forth those acts which are prohibited under Part II, Ch. 499, F.S., while s. 499.066, F.S., prescribes the penalties and actions which the department may seek against those in violation of the statutory provisions.
The question has arisen whether agents of the department are allowed to conduct warrantless searches in carrying out their duties under Part II, Ch. 499, F.S.
This issue was addressed in Arthritis Medical Center v. State of Florida Department of Health and Rehabilitative Services.[1] The district court in that case examined those situations in which warrantless searches are allowed pursuant to Part II, Ch. 499, F.S. It was found that the entities regulated by Ch. 499, F.S., have a long history of "pervasive supervision and inspection," making them subject to warrantless searches to fulfill the special needs of law enforcement in regulating such entities.[2]
The court recognized, however, that warrantless searches of a heavily regulated business must meet three criteria to be valid. First, there must be a substantial governmental interest in regulating the particular industry. Second, warrantless inspection must be necessary to further the regulatory scheme. Third, the statute authorizing the warrantless inspection must safeguard the rights of the business searched.[3]
While all parties in Arthritis Medical Center agreed that the first and second criteria were met, the plaintiff, Arthritis Medical Center, Inc., asserted that Part II, Ch. 499, F.S., did not afford sufficient standards to protect against unreasonable searches. The court pointed to Rule 10D-45.0545, F.A.C.,[4] which provides guidelines for inspections by agents of the department. Citing that the department makes the decision as to who will be inspected and that the inspections serve limited purposes and are limited in their scope, the court concluded that the regulations in Rule 10D-45.0545, F.A.C., place reasonable limitations on the discretion of department agents.[5]
The court concluded that the regulatory scheme promulgated pursuant to Part II, Ch. 499, F.S., limits the scope of a warrantless search and gives those persons or entities searched "adequate notice of `the purposes of the inspector [and] the limits of his task.'"[6]
In light of the judicial decision discussed above, it is my opinion that agents of the department may conduct warrantless searches when carrying out their duties prescribed in Part II, Ch.499, F.S., and the administrative rules promulgated pursuant thereto.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Case No. 87-6078-Civ., August 22, 1988 (S.D.Fla., 1988), affirmed, Case No. 88-5984, June 7, 1989 (11 Cir., 1989).
[2] See, Arthritis Medical Center, supra at p. 5.
[3] Id. at pp. 5-7. Cf., 21 U.S.C. § 880(c), setting forth those instances where an administrative inspection warrant is not required when conducting an inspection of a federally controlled facility: with the consent of the owner, operator, or agent in charge of the controlled premises; in situations presenting imminent danger to health or safety; in situations involving inspection of conveyances where there is reasonable cause to obtain a warrant; in any other exceptional or emergency circumstance where time or opportunity to apply for a warrant is lacking; or in any other situation where a warrant is not constitutionally required.
[4] Formerly Rule 10D-45.545, amended November 26, 1986, implementing the statutory authority in Part II, Ch. 499, F.S., to inspect, investigate and monitor persons and entities licensed or permitted under Ch. 499, F.S., and nonregistered facilities to determine compliance with Ch. 499, F.S.
[5] See, Arthritis Medical Center, supra at footnote 1, pp. 10-12.